# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
**MARCH 2026** **03634**
E-Filing Number: 2603061118

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WILLIAM BAYLER | OTIS ELEVATOR COMPANY |
| PLAINTIFF'S ADDRESS<br>80 JEFFERSON AVENUE<br>EAGLEVILLE PA 19403 | DEFENDANT'S ADDRESS<br>ONE CARRIER PLACE<br>FARMINGTON CT 06032 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>OTIS WORLDWIDE CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>ONE CARRIER PLACE<br>FARMINGTON CT 06032 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JOHN DOE INDIVIDUALS 1-10 |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>ONE CARRIER PLACE<br>FARMINGTON CT 06032 |

TOTAL NUMBER OF PLAINTIFFS: 1

TOTAL NUMBER OF DEFENDANTS: 4

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Petition Action
- [ ] Notice of Appeal
- [ ] Writ of Summons
- [ ] Transfer From Other Jurisdictions

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
20 - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY
MAR 25 2026
G. IMPERATO

IS CASE SUBJECT TO COORDINATION ORDER?
YES NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: WILLIAM BAYLER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| DANIEL S. BAURER | 2005 MARKET STREET<br>FLOOR 16<br>PHILADELPHIA PA 19103 |
| PHONE NUMBER: (267)765-9615 / FAX NUMBER: (410)837-1188 | |
| SUPREME COURT IDENTIFICATION NO.<br>323335 | E-MAIL ADDRESS<br>dbaurer@zarwin.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*DANIEL BAURER* | DATE SUBMITTED<br>Wednesday, March 25, 2026, 11:05 am |

**COMPLETE LIST OF DEFENDANTS:**

1. OTIS ELEVATOR COMPANY
   ONE CARRIER PLACE
   FARMINGTON CT 06032
2. OTIS WORLDWIDE CORPORATION
   ONE CARRIER PLACE
   FARMINGTON CT 06032
3. JOHN DOE INDIVIDUALS 1-10
   ONE CARRIER PLACE
   FARMINGTON CT 06032
4. ABC CORPORATIONS 1-10
   ONE CARRIER PLACE
   FARMINGTON CT 06032

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/31/2026
CT Log Number 551793100

## Service of Process Transmittal Summary

**TO:** Maria Osusa
Otis Elevator Company
ONE CARRIER PLACE
FARMINGTON, CT 06032-2572

**RE:** **Process Served in Pennsylvania**

**FOR:** Otis Elevator Company (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WILLIAM BAYLER // To: Otis Elevator Company |
| **CASE #:** | 260303634 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Harrisburg, PA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/31/2026 at 11:46 |
| **JURISDICTION SERVED:** | Pennsylvania |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/01/2026, Expected Purge Date: 04/06/2026<br><br>Image SOP<br><br>Email Notification, Brenda Jacobs brenda.jacobs@otis.com<br><br>Email Notification, Maria Osusa maria.osusa@otis.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Mar 31, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | OTIS ELEVATOR COMPANY |
| Case Number | 260303634 |
| Jurisdiction | PA |

| Inserts | | |
|---|---|---|
| | | |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/14/2026
CT Log Number 551919789

## Service of Process Transmittal Summary

**TO:** Maria Osusa
Otis Elevator Company
ONE CARRIER PLACE
FARMINGTON, CT 06032-2572

**RE:** **Process Served in Delaware**

**FOR:** Otis Worldwide Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WILLIAM BAYLER // To: Otis Worldwide Corporation |
| **CASE #:** | 260303634 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 04/14/2026 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/14/2026, Expected Purge Date: 04/19/2026<br><br>Image SOP<br><br>Email Notification, Brenda Jacobs brenda.jacobs@otis.com<br><br>Email Notification, Maria Osusa maria.osusa@otis.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>8775647529<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ZARWIN BAUM
DEVITO KAPLAN SCHAER TODDY
ATTORNEYS AT LAW

ONE COMMERCE SQUARE
2005 MARKET STREET | 16TH FLOOR
PHILADELPHIA, PA 19103

CERTIFIED MAIL

9589 0710 5270 1856 5975 98

quadient
FIRST-CLASS MAIL
IMI
$012.14⁹
04/08/2026 ZIP 19103
043M31240804
US POSTAGE

ZARWIN BAUM
DEVITO KAPLAN SCHAER TODDY
2005 MARKET STREET ◆ 16TH FLOOR
PHILADELPHIA, PA 19103

Otis Worldwide Corporation
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

DANIEL S. BAURER, Esquire
dbaurer@zarwin.com
I.D. #: 323335
**ZARWIN, BAUM, DEVITO, KAPLAN SCHAER & TODDY, P.C.**
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Fax: (267) 606-4989

Filed and Attested by the Office of Judicial Records 25 MAR 2026 11:03 am
IMPERATO

Attorneys for Plaintiff

| | |
|---|---|
| **WILLIAM BAYLER**<br>80 Jefferson Avenue<br>Eagleville, PA 19403<br><br>Plaintiff<br><br>vs.<br><br>OTIS ELEVATOR COMPANY<br>One Carrier Place<br>Farmington, CT 06032<br><br>and<br><br>OTIS WORLDWIDE CORPORATION<br>One Carrier Place<br>Farmington, CT 06032<br><br>and<br><br>JOHN DOE INDIVIDUALS 1-10<br><br>and<br><br>ABC CORPORATIONS 1-10<br><br>Defendant | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>MARCH TERM 2026<br><br>NO. |

NOTICE TO DEFEND

"NOTICE"

You have been sued in court. If you wish to defend against the the claims set forth in the following pages. You must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any

"AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar ka la corte en forma escrita sus defensas o sus objectiones a las demandes en contra a de su persona. Sea Avisado que si usted no se defiende la corte tomara medidas y

money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia, PA 19107
Phone: (215) 238-1701

puede continuar las demanda en contra suya sin previo aviso o notificacion. Ademas la corte puedo decidir a favor del demandante y requiere que usted cumpla as las provisiones de esta demanda. Usted puedo dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO VAYA EN PERSONA O LLAMA POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
Servicio De Refencia E Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

DANIEL S. BAURER, Esquire
dbaurer@zarwin.com
I.D. #: 323335
**ZARWIN, BAUM, DEVITO, KAPLAN**
**SCHAER & TODDY, P.C.**
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Phone: (215) 569-2800
Fax: (267) 606-4989

Attorneys for Plaintiff

| | |
|---|---|
| **WILLIAM BAYLER**<br>80 Jefferson Avenue<br>Eagleville, PA 19403<br><br>Plaintiff<br><br>vs.<br><br>OTIS ELEVATOR COMPANY<br>One Carrier Place<br>Farmington, CT 06032<br><br>and<br><br>OTIS WORLDWIDE CORPORATION<br>One Carrier Place<br>Farmington, CT 06032<br><br>and<br><br>JOHN DOE INDIVIDUALS 1-10<br><br>and<br><br>ABC CORPORATIONS 1-10<br><br>Defendant | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY<br><br>MARCH TERM 2026<br><br>NO. |

## COMPLAINT

1. Plaintiff William Bayler ("Mr. Bayler") is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 80 Jefferson Avenue Eagleville, PA 19403.

2. Defendant Otis Elevator Company is a New Jersey corporation or other jural entity with an office and/or principle place of business at One Carrier Place, Farmington, CT 06032, and is registered and/or otherwise authorized to do business in the Commonwealth of Pennsylvania, with a registered agent for service located at CT Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 19101, and/or operating under the laws of the Commonwealth of Pennsylvania with offices in and throughout Pennsylvania, and which systematically and continuously conducts business in the City of Philadelphia.

3. Defendant Otis Worldwide Corporation is a Delaware corporation or other jural entity with an office and/or principle place of business at One Carrier Place, Farmington, CT 06032, and is registered and/or otherwise authorized to do business in the Commonwealth of Pennsylvania, with a registered agent for service located at CT Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 19101, and/or operating under the laws of the Commonwealth of Pennsylvania with offices in and throughout Pennsylvania, and which systematically and continuously conducts business in the City of Philadelphia.

4. Defendants Otis Elevator Company and Otis Worldwide Corporation are collectively referred to as the "Otis Elevator Defendants".

5. At all relevant times, the Otis Elevator Defendants were acting by and through their agents, servants, employees, workers, and/or technicians, acting within the course and scope of their employment, service, and/or agency.

6. Otis Defendants, at all times relevant hereto, conducted continuous and substantial business within Philadelphia County and in Pennsylvania by manufacturing, designing, marketing, selling, installing, servicing, repairing, inspecting, maintaining and/or training customers in the use of elevators.

7. Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rules Civil Procedure 1006 and 2179, including because one or more of the Defendants regularly conducts business in Philadelphia and/or may be served there.

8. The negligence and/or tortious conduct of the Otis Elevator Defendants' agents, servants, employees, workers, and/or technicians is imputed to the Otis Elevator Defendants under the doctrine of respondeat superior, vicarious liability, and/or agency.

9. Defendants John Doe Individuals 1-10 and ABC Corporations 1-10 consist of the following individuals or entities whose actions or inactions may have directly caused the accident described herein:

a. Individuals and/or entities involved in the ownership, maintenance, inspection, servicing, and/or repair of the elevator where Plaintiff's injuries occurred;

b. Individuals and/or entities hired, retained, contracted, and/or subcontracted by the defendants named herein to maintain, inspect, service, modernize, and/or repair of the subject elevator where Plaintiff's injuries occurred;

c. Individuals and/or entities hired or subcontracted by Defendants to inspect the subject elevator as safety inspectors;

d. Individuals and/or entities who are successors-in-interest to the named Defendants and/or who otherwise assumed liabilities of the named Defendants pertaining to the incident giving rise to this action; and

e. Individuals and/or entities involved in the circumstances of the accident described below.

10. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants John Doe Individuals 1-10 and ABC Corporations 1-10 are currently unidentified fictitious defendants named John Doe and ABC Corporations, respectively, where their actual name/identity is unknown despite a reasonable and diligent search.

11. Plaintiff reserves the right to amend this Complaint and name said unknown individuals and/or entities, as aforementioned, as Defendants pursuant to Pennsylvania Rules of Civil Procedure 1033 and 2005.

12. At all times relevant hereto, Defendants owned, possessed, controlled, operated, maintained, inspected, and/or repaired elevators to transport people and employees to various parts of the building located at 2 E. Airy St, Norristown, PA 19401 (referenced herein as "the building" or "the Premises").

13. At all times relevant hereto, upon information and belief, Defendants had possession and control of the elevators within the building.

14. Upon information and belief, the Otis Elevator Defendants' employees, servants and/or workmen performed inspections, maintenance, and repairs of the elevators at the Premises prior to June 11, 2024.

15. At all times relevant hereto, the Otis Elevator Defendants had an obligation and duty to maintain, repair and keep in good working order the elevators located at the Premises.

16. On or about June 11, 2024, Mr. Bayler was at his place of employment, the Montgomery County Courthouse, located at 2 E Airy St, Norristown, PA 19401.

17. Mr. Bayler entered elevator car number one at the Premises (the "Elevator") on the first floor.

18. The Elevator doors closed, but before Mr. Bayler could even select a floor, suddenly and without warning, the elevator dropped quickly, sharply, dramatically, and unexpectedly, causing Mr. Bayler to fall to the floor of the elevator.

19. After several moments of feeling the dropping sensation, the elevator came to an abrupt stop and then felt like it was ascending.

20. The Elevator came to a stop, and the instead of showing a floor, the display read, "INDISV."

21. The Elevator doors opened and Mr. Bayler was back to the first floor.

22. Mr. Bayler required assistance to exit the Elevator.

23. The Courthouse security who was on the scene after the incident reported the malfunction to the appropriate authorities and ordered the Elevator to be shut down and taken out of use.

24. Mr. Bayler witnessed maintenance workers shut down the Elevator and placed an orange cone to prevent anyone from going near the elevator.

25. At all times relevant hereto, the Defendants had possession and control of the Elevators at the Premises.

26. At all times relevant hereto, the Otis Elevator Defendants knew or should have known of the need to properly install, maintain, adjust, repair, and periodically replace the safety equipment to keep the Elevator in a safe and operational condition.

27. Prior to his fall, Mr. Bayler had no warning or reason to anticipate that the Elevator would malfunction.

28. The injuries and damages sustained by Mr. Bayler are due entirely to the negligence and carelessness of the Defendants and due in no part to the negligence of the Plaintiff.

**COUNT I - NEGLIGENCE**
**WILLIAM BAYLER v. OTIS DEFENDANTS,**
**JOHN DOE INDIVIDUALS 1-10 AND ABC CORPORATIONS 1-10**

29. Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though set forth at length below.

30. As the party responsible for the inspection, maintenance, and repair of the Elevator at the Premises, the Otis Elevator Defendants were required to perform periodic surveys and inspections of the Elevator for the purpose of detecting any hazardous or potentially unsafe conditions with respect to the Elevator, and to make any necessary repairs or improvements upon learning of any such dangerous conditions, and/or take elevators out of commission if they posed a danger to the users of them.

31. Had Otis Elevator Defendants performed routine inspection and maintenance of the elevators, the defect giving rise to this incident could have easily been fixed, eliminating the risk of an accident such as the one giving rise to this matter.

32. The injuries and damages sustained by Mr. Bayler were caused by the negligence and carelessness of Otis Defendants, Individuals 1-10, and ABC Corporations 1-10, inter alia, of the following acts and omissions:

a. Failing to provide Plaintiff with safe elevators to use;

b. Failing to adequately inspect the Elevator;

c. Failing to adequately maintain the Elevator;

d. Failing to adequately repair the Elevator;

e. Failing to adequately service the Elevator;

f. Failing to adequately supervise those charged with inspection, maintenance, repair, and/or service of the Elevator;

g. Failing to adequately warn of issues with the Elevator;

h. Failing to modernize, upgrade, replace, repair and/or take other reasonable precautions with regard to the Elevator;

i. Failing to properly supervise and train employees with regard to the use, maintenance, repair, and operation of the Elevator;

j. Failing to hire competent employees, safety inspectors, maintenance inspectors, contractors and subcontractors with regard to the safe maintenance, operation and/or repair of the Elevator;

k. Failing to warn users, including Plaintiff, of the dangerous and unsafe conditions existing with regard to the Elevator;

l. Failing to perform proper maintenance and inspection on the Elevator;

m. Failing to take the Elevator out of service;

n. Failing to recommend to the Premises personnel that the Elevator be taken out of service until any necessary repairs were performed to make it safe for use;

o. Negligently undertaking to service, repair, or maintain the Elevator at the Premises;

p. Failing to adequately protect users of the Elevator who utilized it therein on and before June 11, 2024;

q. Failing to adopt, formulate, and/or enforce appropriate inspection and maintenance schedules/plans with regard to the Elevator;

r. Failing to adopt, formulate, and/or enforce appropriate maintenance control programs;

s. Failing to adhere to terms of the elevator service contract;

t. Operating, performing, and/or furnishing facilities in an inadequate, unsafe and negligent manner;

u. Violating industry standards, custom and/or practice; and

v. Violating applicable Pennsylvania and/or Federal applicable statutes and/or regulations relating to elevator safety.

33. The negligent acts and/or omissions of Otis Elevator Defendants, John Doe Individuals 1-10, and ABC Corporations 1-10 was the cause of the injuries and damages sustained by Mr. Bayler.

34. In the alternative, the negligent acts and/or omissions of Otis Elevator Defendants, John Doe Individuals 1-10, and ABC Corporations 1-10 increased the risk of harm to Mr. Bayler.

35. As a direct and proximate result of Defendants' negligence, carelessness and/or recklessness, Plaintiff William Bayler sustained and suffered severe, permanent and disabling physical and mental injuries, including but not limited to: a full thickness tear of the supraspinatus tendon of the right shoulder (requiring surgery), distal subscapularis intrasubstance tear of the right shoulder, partial thickness tear of the MCL of the left knee, right shoulder strain, and left knee contusion, all of which has caused him and will continue to cause him great pain and suffering.

36. As a direct and proximate result of the Otis Elevator Defendant's negligence, carelessness and/or recklessness, Plaintiff William Bayler has been compelled, in order to attempt to effectuate a cure for the aforesaid injuries, to expend sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

37. As a direct and proximate result of the Otis Elevator Defendant's negligence, carelessness and/or recklessness, Plaintiff William Bayler has suffered a permanent and serious impairment of bodily function(s) and has been prevented from attending to his usual daily activities and may be so prevented for an indefinite period of time in the future, all to his detriment and loss.

38. As a direct and proximate result of the Otis Elevator Defendant's negligence, carelessness and/or recklessness, Plaintiff William Bayler has suffered physical pain, mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

39. As a direct and proximate result of the Otis Elevator Defendant's negligence, carelessness and/or recklessness, Plaintiff William Bayler has incurred other financial losses or expenses, including loss of wages, which do or may exceed amounts which he may otherwise be entitled to recover and may continue to suffer said losses for an indefinite period of time in the future, all to his great detriment and loss.

**WHEREFORE**, Plaintiff, William Bayler demands judgment in his favor and against the Otis Elevator Defendants, John Doe Individuals 1-10, and ABC Corporations 1-10, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs and attorneys' fees and any other relief the Court deems proper.

**ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.**

Dated: March 25, 2026

By: *_/s/Daniel S. Baurer_*
DANIEL S. BAURER, Esquire
*Attorney for Plaintiff*

VERIFICATION

I, WILLIAM BAYLER, hereby state that I am the Plaintiff in this action and I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are made subject to penalties of 18 PA.C.S. Section 4904 relating to unsworn falsification to authorities.

Date:

WILLIAM BAYLER

RECEIVED

2026 MAR 27 AM 10: 56

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101